UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

D. Hiram Coleman,

Plaintiff,

vs. ORDER

Customer Link, LLC, Kim Ellerman, both individually and in her official capacity, Ron Eck, both individually and in his official capacity, Wendy Lindahl, both individually and in her official capacity,

Defendants. Civ. No. 00-2203 (JMR/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 29th day of September, 2000.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a routine review, in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Plaintiff's application to proceed in forma pauperis, and upon the Plaintiff's Motion for Appointment of Counsel. The Plaintiff appears pro se and, in view of the fact that they have yet to be served, the Defendants have made no appearance for the purpose of the Motion.

A. Motion to Proceed In Forma Pauperis. As a part of his application, the Plaintiff has averred that he is not employed, and

4

FILED SEP 29 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

that he does not own any real estate, stocks, bonds, securities, or other valuable possessions. Also, the Plaintiff attests that, during the past twelve months, he has not received any money from businesses, rent payments, pensions, annuities, disability payments, or any other sources of income. Rather, according to the Plaintiff, he is currently living on an income of $600.00 per month.

Given these showings, we conclude that the Plaintiff is entitled to proceed in forma pauperis. Therefore, the Plaintiff's application to proceed in forma pauperis is granted. See, Title 28 U.S.C. §1915(a)(1).

B. The Plaintiff's Motion for an Appointment of Counsel. In his Complaint, the Plaintiff alleges that he was denied a promotion by his employer, because he is an African-American male. Accordingly, he has commenced this employment discrimination action, pursuant to Title VII of the Civil Rights Act of 1964, against the Defendants and, by this Motion, he requests an appointment of counsel. In support of this Motion, he stresses that he is indigent, and cannot afford to hire an attorney.

1. Standard of Review. It is well-established that this Court has no authority to compel legal counsel to assume the representation of the Plaintiff, but merely has the discretionary authority to request an attorney to assume such representation.

See, Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296 (1989); Scott v. Tyson Foods, Inc., 943 F.2d 17 (8th Cir. 1991). Central to the exercise of such discretion is a determination by the Court "that the Plaintiff as well as the court will benefit from the assistance of counsel." Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984); see also, Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996)("A district court is to decide whether the plaintiff and the court will substantially benefit from the appointment of counsel, * * *").

In exercising its discretionary authority, the Court must carefully weigh the factual and legal complexities of the case, the capability of the Plaintiff to investigate the facts and to present his claims, and the existence of conflicting evidence. See, McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996); Plummer v. Grimes, supra; Swope v. Cameron, 73 F.3d 850, 852 (8th Cir. 1996); Edgington v. Missouri Department of Corrections, 52 F.3d 777, 780 (8th Cir. 1995); Nachtigall v. Class, 48 F.3d 1076, 1081-82 (8th Cir. 1995).

2. Legal Analysis. After reviewing these factors, we find the issues to be quintessentially uncomplicated both in their legal and factual components. Although there may be conflicting evidentiary contentions, their full exploration before the Court

will not require the skillful and practiced questioning techniques associated with representation by legal counsel. Undoubtedly, the Plaintiff's lack of legal knowledge will present some disadvantages, in terms of the requisite time and effort that may be attendant to the presentation of his claim, however, upon our review of the submissions which he has submitted to the Court thus far, we are satisfied that he possesses the capacity to develop and articulate the grievances which are presented by his Complaint.

Accordingly, at this preliminary juncture, we deny the Plaintiff's Motion for an appointment of counsel but, upon a proper showing, the Plaintiff may subsequently renew the Motion should the circumstances so warrant.[1]

NOW, THEREFORE, It is --

ORDERED:

1. That the Plaintiff's application for <u>in forma pauperis</u> status [Docket No. 2] is GRANTED.

2. That the Clerk of Court shall issue a Summons and the United States Marshal shall serve a copy of the Complaint and Summons upon each of the Defendants as directed by the Plaintiff,

---

[1]We would commend the Plaintiff to explore legal assistance at the Volunteer Attorneys Program (218-723-4005), and at the Legal Aid Service of Northeastern Minnesota (218-726-4800). Consultation with other practicing attorneys may result in a retainer on a contingent fee or other basis.

and that all costs of service shall be advanced by the United States.

3. That the Plaintiff's Motion for an Appointment of Counsel [Docket No. 3] is DENIED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE